IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENZO LIFE SCIENCES, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C. A. No. 12-274 (LPS) |
| ABBOTT LABORATORIES, and ABBOTT MOLECULAR INC., | ) ) ) ) | |
| Defendants; and | ) ) | |
| LUMINEX CORPORATION; | ) ) | |
| Intervening Defendant. | ) ) | |
| ENZO LIFE SCIENCES, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 12-275 (LPS) |
| BECTON, DICKINSON AND COMPANY; BECTON DICKINSON DIAGNOSTICS INC.; and GENEOHM SCIENCES, INC., | ) ) ) ) ) | |
| Defendants. | ) | |
| ENZO LIFE SCIENCES, INC., | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | C.A. No. 12-276 (LPS) |
| HOLOGIC, INC., | ) ) ) | |
| Defendant. | ) | |
| ENZO LIFE SCIENCES, INC., | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | C.A. No. 12-104 (LPS) |
| GEN-PROBE, INCORPORATED, | ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ENZO LIFE SCIENCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-105 (LPS) |
| | ) | |
| LIFE TECHNOLOGIES CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| ENZO LIFE SCIENCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-106 (LPS) |
| | ) | |
| ROCHE MOLECULAR SYSTEMS, INC., | ) | |
| ROCHE DIAGNOSTICS CORPORATION, | ) | |
| ROCHE DIAGNOSTICS OPERATIONS, | ) | |
| INC., and ROCHE NIMBLEGEN, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| ENZO LIFE SCIENCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-433 (LPS) |
| | ) | |
| AFFYMETRIX, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| ENZO LIFE SCIENCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-434 (LPS) |
| | ) | |
| AGILENT TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| ENZO LIFE SCIENCES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 12-435 (LPS) |
| ) | |
| ILLUMINA, INC., ) | |
| ) | |
| Defendant. ) | |
| ENZO LIFE SCIENCES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-505 (LPS) |
| ) | |
| SIEMENS HEALTHCARE ) | |
| DIAGNOSTICS INC., ) | |
| ) | |
| Defendant. ) | |

## AMENDED SCHEDULING ORDER

This 21st day of February, 2014, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on November 14, 2012, with Enzo Life Sciences ("Plaintiff") and Defendants in each of the ten above-captioned cases (collectively "Defendants") (Plaintiff and Defendants are collectively referred to herein as the "parties"), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within thirty (30) days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders,

etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference. The parties shall make their initial electronic discovery related disclosures within thirty (30) days of the date of this Order.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **January 15, 2014**.

3. <u>Discovery</u>. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    a. <u>Discovery Coordination</u>.

    i. The parties propose to coordinate discovery in the ten (10) above-captioned cases where practicable. These ten cases are (1) *Enzo Life Sciences Inc. v. Gen-Probe Incorporated*, C.A. No. 12-104-LPS; (2) *Enzo Life Sciences Inc. v. Life Technologies Corporation*, C.A. No. 12-105-LPS; (3) *Enzo Life Sciences Inc. v. Roche Molecular Systems Inc. et al.*, C.A. No. 12-106-LPS; (4) *Enzo Life Sciences Inc. v. Abbott Laboratories et al.*, C.A. No. 12-274-LPS; (5) *Enzo Life Sciences Inc. v. Becton Dickinson and Company et al.*, C.A. No. 12-275-LPS; (6) *Enzo Life Sciences Inc. v. Hologic Inc.*, C.A. No. 12-276-LPS; (7) *Enzo Life Sciences Inc. v. Affymetrix, Inc.*, C.A. No. 12-433-LPS; (8) *Enzo Life Sciences Inc. v. Agilent Technologies Inc.*, C.A. No. 12-434-LPS; (9) *Enzo Life Sciences Inc. v. Illumina, Inc.*, C.A. No. 12-435-LPS; (10) *Enzo Life Sciences Inc. v. Siemens Healthcare Diagnostics Inc.*, C.A. No. 12-505-LPS. Although proposing to coordinate discovery in these ten (10) cases where practicable, these cases are not consolidated for trial and, thus, each case will proceed to trial separately. Any submissions to the Court shall be filed in the specific case(s) to which they are believed in good faith to pertain.

        ii.     For purposes of counting discovery requests and deposition hours, all Defendants in each case count as a single Defendant.

        iii.    Except as modified below, or by subsequent Order, the Court's Default Standard for Discovery of Electronic Documents shall apply to each of the above-captioned cases.

    b.    <u>Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before **October 15, 2014**.

    c.    <u>Identification of Infringement and Invalidity Positions.</u>

        i.     Plaintiffs shall make their initial disclosure of accused products, patents they infringe, and produce the file history for each asserted patent on or before **December 5, 2012.**

        ii.    Defendants shall produce "core technical documents" for each accused product on or before **February 6, 2013.** Abbott shall produce "core technical documents" for each accused product for U.S. Patent No. 8,097,405 on or before **August 16, 2013**. Life Tech shall produce "core technical documents" for products accused of infringement on February 5, 2014 on or before **March 24, 2014**.

        iii.   Plaintiffs shall disclose initial claim charts relating each accused product to the asserted claims each product allegedly infringes on or before **September 30, 2013**.

        iv.   Defendants shall disclose initial invalidity contentions for each asserted claim and produced related invalidating references on or before **December 2, 2013**.

        v.    Paragraph 4(e) of the District of Delaware Default Standard for Discovery, Including Discovery of Electronically Stored Information shall apply, except as to discovery relating to prior art; conception and reduction to practice of the claimed inventions;

Plaintiff's research, development, manufacture, and/or sales of the claimed inventions; and prosecution of the patents-in-suit. However, nothing herein shall preclude any party from asserting that follow-up discovery more than six (6) years prior to the filing of the Complaint is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, and/or otherwise not discoverable under the Federal Rules of Civil Procedure.

    d. <u>Document Production</u>. Document production for non-electronically stored information shall be substantially complete by **January 6, 2014** for products accused before February 5, 2014.[1] Document production for electronically stored information shall be substantially complete by **March 24, 2014** for products accused before February 5, 2014. Document production (both non-electronically stored and electronically stored) for Life Tech products accused of infringement on February 5, 2014 shall be substantially complete by **July 22, 2014**.

    e. <u>Requests for Admission</u>. In each case, an unlimited number of requests for admission as to authenticity of documents are permitted. A maximum of 35 additional requests are permitted for each party in each case. For purposes of this section, all affiliated parties in each case will be treated as a single "party."

    f. <u>Interrogatories</u>.

      i. Defendants are permitted a maximum of 20 common interrogatories plus 10 additional interrogatories, including contention interrogatories, for each party in each case. Plaintiff is permitted a maximum of 20 common interrogatories plus 10 additional interrogatories per Defendant. An additional 5 common interrogatories per side

---

[1] The deadlines for Hologic and Gen-Probe to substantially complete their production of non-electronically stored information are February 24, 2014 and March 7, 2014, respectively. *See* Docket Nos. 45 (Hologic case) and 58 (Gen-Probe case).

and 5 individual interrogatories per party shall be allowed pertaining to U.S. Patent No. 8,097,405 in Case No. 12-274-LPS. For purposes of this section, all affiliated parties in each case will be treated as a single "party"/"Defendant."

        ii.  The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    g. <u>Depositions.</u>

<u>Limitation on Hours for Deposition Discovery</u>. Plaintiff may take a combined maximum of 550 hours of fact depositions across all ten (10) above-captioned cases[2], with no more than seventy (70) hours to be taken of any one Defendant (i.e., no more than seventy (70) hours total deposition time collectively for a Defendant in each case and its past or current officers, employees, and agents). The Defendants may collectively take a combined maximum of 550 total hours of fact depositions across all ten (10) above-captioned cases, with no more than two hundred (200) hours taken of Plaintiff (i.e., no more than two hundred (200) hours total deposition time for Plaintiff and its current officers, employees, and agents). An additional seventy (70) hours of deposition per side pertaining to U.S. Patent No. 8,097,405 in Case No. 12-274-LPS shall be permitted, with no more than 35 hours of deposition to be taken of each Defendant in that case, and no more than 35 hours of deposition to be taken of the Plaintiff in

---

[2]  Should any of the ten (10) above-captioned cases be dismissed after the issuance of this Order, then the combined maximum of 550 total hours of fact depositions shall be reduced by 50 hours per each dismissed case. But in no event shall Plaintiff have less than 70 total hours of deposition, nor shall a sole remaining defendant have less than 70 total hours of deposition in the event that all other defendants are dismissed.

7

that case. Each fact deposition is limited to a maximum of seven (7) consecutive hours. The total combined deposition time by all Defendants of any single Plaintiff's witness shall be no more than twenty-one (21) hours of deposition, except that Defendants in Case No. 12-274-LPS may take an additional seven (7) hours of any Plaintiff's witness.[3] Defendants shall coordinate depositions to reduce redundancy and inconvenience to the parties. Third party depositions will count toward these limitations. Expert depositions will not count toward these limitations. These provisions may be amended by agreement of the parties or upon order of the Court upon good cause shown.

        i.    <u>Location of Depositions</u>. The parties agree that witnesses will be deposed at a location convenient for the witness (ordinarily the place of residence or employment), except that the parties will meet and confer and work together in good faith on the location of depositions should any party wish to conduct a deposition at an alternative location. If the parties cannot otherwise agree on a location, any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

---

[3]     Should any of the ten (10) above-captioned cases be dismissed after the issuance of this Order, then the total combined deposition time of twenty-one (21) hours of deposition of any single Plaintiff's witness shall be reduced by 1.5 hours per each dismissed case. In Case No. 12-274-LPS, in the event that the defendants in the other ten above-captioned cases do not use the full twenty-one (21) hours of deposition time questioning the witness on U.S. Patent Nos. 6,992,180 and 7,064,197, the defendants in Case No. 12-274-LPS agree to reduce the total deposition time of that deponent accordingly.

    ii. <u>Timing of Depositions</u>. Neither party may take depositions prior to **January 6, 2014**.

    iii. <u>Noticing and Taking of Depositions</u>. The noticing for deposition of any Defendant is sufficient to effect notice on all Defendants. Defendants agree to coordinate and cross notice the taking of depositions of Plaintiff.

  h. <u>Disclosure of Expert Testimony.</u>

    i. <u>Close of Expert Discovery</u>. All expert discovery in this case shall be initiated so that it will be completed on or before **March 12, 2015**.

    ii. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **November 18, 2014**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **December 15, 2014**. Reply expert reports from the party with the initial burden of proof are due on or before **January 9, 2015**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

    iii. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    i. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective

order, the parties involved in the discovery matter or protective order dispute shall contact chambers at (302) 573-4571 to schedule a telephone conference. On a date to be set by separate order, but not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s).

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

If a discovery related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by **December 14, 2012**. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(j) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to

>preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

6. <u>Courtesy Copies</u>. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

8. <u>Interim Status Report</u>. On **January 17, 2014**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

9. <u>Tutorial Describing the Technology and Matters in Issue</u>. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes.

11

The tutorial should focus on the technology in issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10. <u>Claim Construction Issue Identification</u>. On or before **November 25, 2013**, the parties shall meet and confer regarding the narrowing of the number of claims asserted based on claim construction issues. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **January 21, 2014**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those terms(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **June 10, 2014**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patents in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

11. <u>Claim Construction Briefing</u>. The parties shall contemporaneously submit initial briefs on claim construction issues on **June 24, 2014**. The parties' answering/responsive briefs shall be contemporaneously submitted on **July 22, 2014**. No reply briefs or supplemental

papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

12. <u>Hearing on Claim Construction</u>. Beginning at 10:00 a.m. on **August 18, 2014** ~~(or another date convenient to the Court)~~, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

13. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **April 13, 2015**. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. Each side is permitted to file as many case dispositive motions as desired; provided, however, that each side will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed.

14. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. <u>Trial Sequencing Conference</u>. On a date to be announced, the Court will hold a Rule 16 conference to discuss the sequence in which the above-captioned cases shall be scheduled for trial. The parties shall file a joint proposed statement setting forth their positions

regarding trial sequencing and scheduling no later than 5:00 p.m. on the third business day before the date of the sequencing conference.

16. <u>Pretrial Conference</u>. On **TBD**, the Court will hold a pretrial conference in Court with counsel beginning at 10 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before **TBD**. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

17. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to ~~five (5)~~ three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

14

15

18. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

19. <u>Trial</u>. The first matter is scheduled for a 5 day jury trial beginning at 9:30 a.m. on a date to be determined in **TBD**, with the subsequent trial days beginning at 9:30 a.m. Until the first matter is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, and counsel will be allocated a total number of hours in which to present their respective cases.

_____
UNITED STATES DISTRICT JUDGE