IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENZO LIFE SCIENCES, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>GEN-PROBE, INCORPORATED,<br><br>    Defendant. | C.A. No. 12-cv-104-LPS<br><br>**JURY TRIAL DEMANDED** |
| ENZO LIFE SCIENCES, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>LIFE TECHNOLOGIES CORPORATION,<br><br>    Defendant. | C.A. No. 12-cv-105-LPS<br><br>**JURY TRIAL DEMANDED** |
| ENZO LIFE SCIENCES, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>ROCHE MOLECULAR SYSTEMS, INC., et al.,<br><br>    Defendants. | C.A. No. 12-cv-106-LPS<br><br>**JURY TRIAL DEMANDED** |
| ENZO LIFE SCIENCES, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>ABBOTT LABORATORIES, et al.,<br><br>    Defendants. | C.A. No. 12-cv-274-LPS<br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| **ENZO LIFE SCIENCES, INC.**<br><br>    Plaintiff,<br><br>    v.<br><br>**BECTON, DICKINSON AND COMPANY; et al.,**<br><br>    Defendants. | **C.A. No. 12-cv-275-LPS**<br><br>**JURY TRIAL DEMANDED** |
| **ENZO LIFE SCIENCES, INC.**<br><br>    Plaintiff,<br><br>    v.<br><br>**HOLOGIC, INC.,**<br><br>    Defendant. | **C.A. No. 12-cv-276-LPS**<br><br>**JURY TRIAL DEMANDED** |
| **ENZO LIFE SCIENCES, INC.**<br><br>    Plaintiff,<br><br>    v.<br><br>**AFFYMETRIX, INC.,**<br><br>    Defendant. | **C.A. No. 12-cv-433-LPS**<br><br>**JURY TRIAL DEMANDED** |
| **ENZO LIFE SCIENCES, INC.**<br><br>    Plaintiff,<br><br>    v.<br><br>**AGILENT TECHNOLOGIES, INC.,**<br><br>    Defendant. | **C.A. No. 12-cv-434-LPS**<br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| ENZO LIFE SCIENCES, INC.<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC.,<br><br>Defendant. | C.A. No. 12-cv-435-LPS<br><br>JURY TRIAL DEMANDED |
| ENZO LIFE SCIENCES, INC.<br><br>Plaintiff,<br><br>v.<br><br>SIEMENS HEALTHCARE DIAGNOSTICS INC.<br><br>Defendant. | C.A. No. 12-cv-505-LPS<br><br>JURY TRIAL DEMANDED |

[PROPOSED] ORDER

The Court, after hearing arguments during the September 11, 2014 conference on the issues raised in the parties' September 9, 2014 joint letter to the Court, rules as follows:

1. Within 21 days of the Court's claim construction order, in each action in which Plaintiff has asserted U.S. Patent No. 7,064,197 ("the '197 Patent"), Plaintiff shall reduce the number of claims of the '197 Patent asserted against each defendant to no more than 25. For avoidance of doubt, "defendant" shall mean each defendant group in each case, and not each individually named defendant. For multiple dependent claims, each possible dependency shall be counted as an asserted claim, except that if Plaintiff identifies specific dependencies for a multiple dependent claim, each identified dependency counts as a single asserted claim, and

unidentified dependencies are deemed no longer asserted. Plaintiff shall be permitted to amend the claims asserted pursuant to this paragraph only upon a showing of good cause.

2. Within 30 days of the Court's claim construction order, the parties shall meet and confer on the feasibility of identifying representative products for the purposes of presenting proof on the disputed infringement issues.

3. Within 31 days of the Court's claim construction order, the parties shall file a joint status report. In that status report, the parties will address any disputes related to Plaintiff's reduction of asserted claims, and will address the timing and briefing of dispositive motions. Defendants also may address the reasonableness of the limitations on prior art for the '197 patent set forth in ¶ 4 below.

4. Within 60 days of the Court's claim construction order, Defendants accused of infringing the '197 Patent in each case shall reduce the number of asserted prior art references to 6 per asserted patent claim of the '197 Patent. A "prior art reference" will include both (1) a single patent, publication, product, etc. (a "primary reference"), and (2) up to three other references to be included in a single obviousness combination with each primary reference. Each Defendant shall be permitted to amend the prior art asserted pursuant to this paragraph only upon a showing of good cause.

5. The dates for expert discovery (¶ 3(h)(i-ii)) and dispositive motions (¶ 13) in the Amended Scheduling Order governing these actions are hereby vacated. Expert discovery shall proceed as follows:

    a. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due within 60 days of the Court's claim construction order.

    b. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due within 90 days of the Court's claim construction order.

    c. Reply expert reports from the party with the initial burden of proof are due within 120 days of the Court's claim construction order.

    d. Within 180 days of the Court's claim construction order, expert discovery shall close.

6. Within 210 days of the Court's claim construction order, in each action in which Plaintiff has asserted the '197 Patent, Plaintiff shall further reduce the number of claims of the '197 Patent asserted against each defendant to no more than 15. For avoidance of doubt, "defendant" shall mean each defendant group in each case, and not each individually named defendant. For multiple dependent claims, each possible dependency shall be counted as an asserted claim, except that if Plaintiff identifies specific dependencies for a multiple dependent claim, each identified dependency counts as a single asserted claim, and unidentified dependencies are deemed no longer asserted. Plaintiff shall be permitted to amend the claims asserted pursuant to this paragraph only upon a showing of good cause.

7. Defendants' request to bifurcate discovery on the issue of willfulness is denied.

8. Defendants' request to bifurcate trial on the issue of willfulness is denied without prejudice.

                                                                                                                     The Honorable Leonard P. Stark